# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMAR J. DRAPER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-16-1231-R |
| ) | |
| JOE M. ALLBAUGH, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

In this habeas corpus action filed pursuant to 28 U.S.C. § 2254, Petitioner, Jamar J. Draper, challenges his state court conviction. Respondent has not addressed the merits of the Petition. Rather, Respondent moved for dismissal, *see* Mot. to Dismiss and Br. in Supp. [Doc. Nos. 15, 16], contending the Petition should be dismissed because Petitioner failed to fully exhaust his state remedies prior to bringing this federal habeas action. Petitioner did not file a response to the Motion. The matter has been referred by United States District Judge David L. Russell for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons set forth below, it is recommended that Respondent's Motion to Dismiss be granted. It is further recommended that Petitioner be afforded the opportunity to file an amended petition asserting only claims that have been exhausted in state court.

### I. Background and Case History

Petitioner entered into a plea of guilty to Burglary in the First Degree (Count One), Conjoint Robbery with a Firearm (Count Two), Assault with a Dangerous Weapon While Masked (Count Three), Rape in the First Degree (Counts Four, Seven, Thirteen, and Fourteen), Forcible Sodomy (Counts Five, Six, and Eight), Possession of a Firearm During the Commission of a Felony (Count Nine), Conspiracy (Count Ten), Sexual Battery (Counts Eleven and Twelve), and

Kidnapping (Count Fifteen) in Case No. CF-2009-100, District Court of Logan County, State of Oklahoma. Summ. Op. Den. Cert. (OCCA Op.) [Doc. No. 16-3], 1.[1] The trial court accepted the plea and Petitioner was sentenced to twenty-five years' imprisonment (with all but the first fifteen years suspended) on Counts One, Two, Four, Seven, Thirteen, and Fourteen; twenty years' imprisonment (with all but the first fifteen years suspended) on Counts Nine, Ten, and Fifteen; and five years' imprisonment on Counts Three, Eleven, and Twelve. Pet. for Writ of Cert. (State Ct. Br.) [Doc. No. 16-1].[2] Petitioner was ordered to serve the sentences concurrently. OCCA Op. 2.

Following his sentence, Petitioner timely filed a motion to withdraw his guilty plea, which was denied by the trial court. *Id.* After the Oklahoma Court of Criminal Appeals (OCCA) granted Petitioner leave to file an appeal out of time, Petitioner filed a Petition for Writ of Certiorari. In his Brief in Support of his Petition for Writ of Certiorari (State Court Brief), Petitioner presented four grounds for relief. *See* State Ct. Br. The OCCA affirmed the district court's judgment and sentence. *See* OCCA Op.

On October 25, 2016, Petitioner filed the instant Petition, in which he presents thirteen grounds for relief.[3] Respondent asserts that some or all of the claims made in Grounds One, Three, Five, Seven, Nine, Ten, Eleven, Twelve, and Thirteen have not been exhausted. Therefore, Respondent seeks dismissal of the Petition as a "mixed petition"—one containing both exhausted and unexhausted claims.

---

[1] Page references to court filings are to the CM/ECF page numbers. Petitioner also attached the OCCA Opinion to his Petition as part of Exhibit 6.

[2] Petitioner also attached the State Court Brief to his Petition as part of Exhibit 6.

[3] Petitioner lists four grounds for relief in the body of the Petition and nine unnumbered grounds in exhibits to the Petition. The Court will utilize the numbering as presented in Respondent's brief.

2

## II. Analysis

It is firmly established in the habeas context that "a state prisoner's federal petition should be dismissed if the prisoner has not exhausted available state remedies." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). A state prisoner is relieved from this obligation only if exhaustion would be futile "because of an absence of available State corrective process or because circumstances exist that render such process ineffective to protect the rights of the applicant." *Fairchild v. Workman*, 579 F.3d 1134, 1155 (10th Cir. 2009) (internal citations and quotations omitted). Therefore, prior to seeking federal habeas relief, a state prisoner must first exhaust available state-court remedies by raising the substance of his or her claims in state court and invoking one complete round of the state's appellate review process, including discretionary review. *See* 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 845–47 (1999).

### A. Fair Presentation Requirement

To satisfy the exhaustion requirement, a state prisoner must fairly present his federal habeas claims in state court. Fair presentation "requires that the petitioner raise in state court the substance of his federal claims . . . includ[ing] not only the constitutional guarantee at issue, but also the underlying facts that entitle a petitioner to relief." *Williams v. Trammell*, 782 F.3d 1184, 1210 (10th Cir. 2015) (internal quotations and citations omitted). "The prisoner's allegations and supporting evidence must offer the state courts a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim." *Demarest v. Price*, 130 F.3d 922, 932 (10th Cir. 1997) (citations and internal quotations omitted). "[A]lthough a habeas petitioner will be allowed to present bits of evidence to a federal court that were not presented to the state court that first considered his claim, evidence that places the claims in a significantly different

3

legal posture must first be presented to the state courts." *Id.* In this matter, Petitioner raised various grounds for reversal in state court by way of his State Court Brief.

### i. Ground One

In Ground One, Petitioner presents double jeopardy and double punishment claims in which he asserts he was "convicted of multiple counts of rape, forcible sodomy, along with burglary in the first degree, [and] conjoint robbery with a firearm," which were all committed as part of the same transaction. Pet. 5. The Court agrees with Respondent that Petitioner's double-jeopardy and double-punishment claims related to his convictions for first-degree rape and forcible sodomy have been exhausted because they were presented in the State Court Brief. *See* State Ct. Br. 23-27.

Respondent, however, argues that Petitioner did not include his convictions for first-degree burglary and conjoint robbery with a firearm in his double-jeopardy and double-punishment arguments in the State Court Brief and, as a result, that portion of his claim is not exhausted. *See* Resp.'s Br. 7. In the State Court Brief, Petitioner asserted that his conviction for conjoint robbery with a firearm amounted to double punishment when considered alongside his convictions of assault with a dangerous weapon and possession of a firearm during the commission of a felony. State Ct. Br. 25. Petitioner did not, however, address his conviction for first-degree burglary at all in his double-jeopardy and double-punishment arguments in his State Court Brief. *See id.* 23-27.

A petitioner is not considered to have fairly presented his argument to state court when the federal petition is based on a significantly different factual basis, even where the argument presented in federal court shares the same constitutional protection. *See Williams*, 782 F.3d at 1210-11 (finding ineffective-assistance-of-counsel claim was not exhausted where it was based on different facts than those presented in state court claims of ineffective assistance of counsel);

*Heckard v. Tafoya*, 214 F. App'x 817, 823 (10th Cir. 2007) (unpublished) ("Habeas petitioners fail to exhaust state remedies where the basis of their state-court ineffective-assistance claim differs from that of their federal ineffective-assistance claim.") (citations omitted). Indeed, this principle has been applied to a double-jeopardy claim where the federal claim relied on a different set of convictions than those presented in state court. *See Beatty v. Jones*, No. 08-CV-02183-WYD, 2010 WL 3873860, at *7 (D. Colo. Sept. 29, 2010).

Therefore, insofar as Petitioner argues that his convictions for first-degree burglary and conjoint robbery with a firearm amount to double jeopardy and double punishment, such claim is not exhausted.

## ii. Grounds Three and Nine

In Ground Three, Petitioner argues that he was charged and sentenced even though the DNA evidence was inconclusive and he was not a potential donor to the rape victims. Pet. 8. Furthermore, according to Petitioner, an investigator made false and misleading statements regarding rape at the pretrial hearing. *Id.* In Ground Nine,[4] Petitioner again alleges that the DNA results prove he did not "[commit] the crimes." Pet. at Ex. 3.

A review of the State Court Brief and the OCCA Opinion reveals that Petitioner made no argument regarding an investigator's false statements at the pretrial hearing and the OCCA did not address any such claim in its opinion. Therefore, his claim regarding an investigator's statements at the pretrial hearing is not exhausted.

The Court construes Petitioner's claims regarding DNA evidence as standalone claims of actual innocence. The viability of standalone actual innocence claims for purposes of habeas

---

[4] Ground Nine also includes separate claims that: (1) the Petitioner's admission to the sex crimes was coerced; and (2) the use of the aiding and abetting law was improper. Pet. at Ex. 3. Respondent admits these two claims were exhausted. Resp.'s Br. 10-11.

5

review has not been resolved. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013). But even if a standalone claim of actual innocence is cognizable, Petitioner did not make such a claim in the State Court Brief. As such, a standalone actual innocence claim has not been exhausted.[5]

### iii. Ground Five

In Ground Five, Petitioner asserts his confession was coerced because he read his admission at the plea hearing from a statement that was typewritten instead of in his handwriting. Pet. at Ex. 2. In the State Court Brief, Petitioner made a claim that his plea was not made knowingly and voluntarily. State Ct. Br. 14-17. The form of the statement from which he read at the plea hearing, however, was not the basis of his state-court claim. Instead, his state-court argument regarding the voluntariness of his plea was premised on the allegation that his attorney coerced him to enter the plea.[6] As such, he did not fairly present Ground Five to the OCCA, and his claim is not exhausted.

### iv. Ground Seven

The Court construes Ground Seven as a claim attacking Petitioner's sentence on the following bases: (1) any evidence showing Petitioner was present at the crime scene is based on hearsay; and (2) Petitioners co-defendants' confessions were made to receive a lesser punishment.[7]

---

[5] The only reference to DNA evidence in the OCCA brief was in relation to his claim that his plea was not knowing and voluntary. State Ct. Br. 21-22. Furthermore, Petitioner's assertion that there was no factual basis for a plea revolves around the assertion that Petitioner did not rape or sodomize the victims. *See id.* at 13-18. Both of these claims are exhausted. *See* Resp.'s Br. at 8, 11 (regarding Grounds Four and Ten).

[6] This argument serves as the basis of Ground Four, which the Respondent contends was exhausted. Resp. Br. 8.

[7] Petitioner states: "The case CF-2009-100 is completely Hearsay with no real physical proof to support the trial courts defense that petitioner actual was present at the home where crimes took place. The co-defendants statements was to receive a lesser punishment that they confessed to doing crimes in the case." Pet. at Ex. 2.

6

Pet. at Ex. 2. Petitioner did not raise either claim in the State Court Brief, therefore, they have not been exhausted.

### v. Ground Ten

In Ground Ten, Petitioner alleges:

> The petitioner was said to be Guilty By Association. But petitioner was convicted as if he committed the crimes himself, proving that the petitioner was convicted wrongfully from the crimes he did not commit [sic].

In other words, Petitioner argues that his conviction is improper because it was based on his being guilty by association rather than on the basis that he personally committed the crimes. Petitioner argued in the State Court Brief that there was an insufficient factual basis for his plea because his admissions did not satisfy the elements of an aiding-and-abetting theory. *See* State Ct. Br. 13-18. While this claim was not presented as artfully here as it was in the State Court Brief, the Court finds that the claim in the instant Petition is similar enough to be considered fairly presented in state court. As such, Ground Ten is exhausted.[8]

### vi. Grounds Eleven and Thirteen

In Ground Eleven, Petitioner alleges that he requested an attorney to be present at a police interrogation. Pet. at Ex. 3. Petitioner further contends that the investigator falsely stated that Petitioner said he would talk with the investigator without an attorney present. *Id.* In Ground Thirteen, Petitioner states that the Fifth Amendment requires that interrogations must cease until an attorney is present after an in-custody defendant requests the assistance counsel. Pet. at Ex. 5.

---

[8] Respondent agrees that when Ground Ten is construed in this manner, Petitioner exhausted his claim. Resp.'s Br. 11.

In his filing with the OCCA, Petitioner did not make any claim regarding his police interrogation or the acts of the investigator. As such, the claims are not exhausted.[9]

### vii. Ground Twelve

In Ground Twelve, Petitioner states:

> The conviction and sentence under which petitioner is imprisoned are unlawful and void because of multiple violations of petitioner's rights to due process of law guaranteed by the Fourteenth Amendment to the Constitution of the United States, violation of equal protection of the law guaranteed by the Fourteenth Amendment, and violation of the right of effective assistance of counsel protected by the Sixth Amendment. These violation are mere irregularities, but major Constitutional violations which case significant doubt on the fairness of the petitioner's conviction. More importantly call into question the reliability of petitioner's guilty plea.

Pet. at Ex. 4. The Court agrees with Respondent that Ground Twelve constitutes a cumulative error argument.[10] Petitioner did not make a cumulative error argument in his OCCA brief, and therefore the claim is not exhausted. *See Johnson v. Mullin*, 505 F.3d 1128, 1143 (10th Cir. 2007) ("[T]here is no indication in the record on appeal that Johnson asserted any type of cumulative error argument on direct appeal, and thus his current references to the "cumulative effect" of the

---

[9] On the same page as Ground Thirteen Petitioner writes:
> In the case of judicial relief, a court of competent jurisdiction found by clear and convincing evidence that the offense for which the individual was convicted, sentenced and imprisoned including any lesser . . . included offense, was not committed by individual and issued an order vacating, dismissing, or reversing the conviction and sentence providing that no further proceeding can be or will be held against the individual on any facts and circumstance alleged in the proceeding which had resulted in the conviction.

Pet. at Ex. 5. The Court does not construe this as a separate ground for relief.

[10] To the extent Petitioner brings other claims in Ground Twelve, a Fourteenth Amendment due process claim is included in both Grounds Four and Eight; the Sixth Amendment claim is included in Grounds Two and Six; and a Fourteenth Amendment equal protection claim was not raised to the OCCA and is not exhausted.

trial court errors and prosecutorial misconduct are unexhausted . . . ."); *see also Cargle v. Mullin*, 317 F.3d 1196, 1206 (10th Cir. 2003) (finding, conversely, that a cumulative error claim was exhausted when asserted on direct and post-conviction appeals).

**B. Futility of Exhaustion**

In this matter, exhaustion of administrative remedies is not futile, and therefore Petitioner is not excused from the exhaustion requirements. Under Oklahoma law, Petitioner's unexhausted claims may be considered in an application for post-conviction relief if he is able to demonstrate "sufficient reason" for his failure to raise the claims in a prior proceeding. *See* Okla. Stat. tit. 22, § 1086*; see also Pickens v. State*, 910 P.2d 1063, 1069 (Okla. Crim. App. 1996). There, Petitioner may be able to establish a sufficient reason for his failure to raise the claims on direct appeal. Therefore, the Court finds it would not be futile if Petitioner returned to state court to exhaust his claims.

**C. Mixed Petition**

In sum, Grounds Three, Five, Seven, Eleven, Twelve, and Thirteen are wholly unexhausted. Ground One is unexhausted insofar as it brings a double-jeopardy and double-punishment claim related to Petitioner's first-degree-burglary and conjoint-robbery-with-a-firearm convictions. Ground Nine is unexhausted with regard to his claim regarding DNA evidence (which the Court construes as an actual innocence claim). Ground Ten, however, is exhausted.

Where, as here, a habeas petition contains both exhausted and unexhausted claims, the petition is a mixed petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Harris v. Champion*, 48 F.3d 1127, 1131 (10th Cir.1995). When faced with a mixed petition, a district court may do one of four things: (1) dismiss the mixed petition in its entirety; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims; (3) permit the

petitioner to dismiss the unexhausted claims and proceed with the exhausted claims; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit. *Fairchild*, 579 F.3d at 1156.

In this case, dismissal of the Petition in its entirety is recommended unless Petitioner chooses to dismiss the unexhausted claims and proceed with the exhausted claims. The exhaustion requirement should not be ignored altogether. As Respondent has not yet addressed the merits of the additional claims raised, the record before the Court is not sufficiently developed to allow determination as to whether the entire Petition should be denied on the merits. And, as to the second option, Petitioner has not requested a stay of this action and therefore has not demonstrated that the "limited circumstances" giving rise to such relief exist. *See Rhines v. Weber*, 544 U.S. 269, 277–78 (2005).[11]

## RECOMMENDATION

It is recommended that Respondent's Motion to Dismiss [Doc. No. 15] be granted. It is further recommended that Petitioner be allowed twenty-one days from any order adopting this Report and Recommendation to amend the Petition to omit the unexhausted claims—Grounds Three, Five, Seven, Eleven, Twelve, and Thirteen along with the portion of Ground One making a double jeopardy and double punishment claim related to Petitioner's first-degree burglary and conjoint robbery with a firearm convictions and the portion of Ground Nine relating to the DNA

---

[11] In *Rhines,* the Court was primarily concerned with dismissal of mixed petitions in cases where the dismissal occurs after expiration of the one-year limitations period governing federal habeas claims, *see* 28 U.S.C. § 2244(d), or where the dismissal occurs close to the end of the one-year period. *Id.* at 277. In this matter, it appears the one-year limitations period has not expired and if Petitioner promptly returns to state court to exhaust administrative remedies, statutory tolling of the limitations period may be available. *See* 28 U.S.C. § 2244(d)(2).

evidence. If Petitioner does not choose to amend the Petition within that time period, then it is recommended that this case be dismissed without prejudice.

**NOTICE OF RIGHT TO OBJECT**

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by June 12, 2017. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

**STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 22nd day of May, 2017.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE