IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMAR J. DRAPER, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Case No. CIV-16-1231-R |
| JOE M. ALLBAUGH, | ) ) | |
| Respondent. | ) ) | |

**ORDER**

Before the Court is the Third Report and Recommendation of Judge Bernard M. Jones (Doc. 34) recommending that the Court grant Respondent's Motion to Dismiss (Doc. 32) Petitioner's pro se, amended habeas petition (Doc. 18). Petitioner pled guilty to various crimes in the District Court of Logan County, Oklahoma ("trial court"), and the Oklahoma Court of Criminal Appeals ("OCCA") affirmed the judgment and sentence after Petitioner attempted to withdraw his guilty plea. *See State of Okla. v. Draper*, No. CF-2009-100. The Court granted Petitioner leave to amend his first habeas petition after he improperly included various unexhausted claims. Doc. 17, at 2 (citing Doc. 1); Order Adopting First Report, Doc. 19. Petitioner objects (Doc. 35) to Judge Jones's Third Report, and the Court reviews it de novo. The Court hereby dismisses the amended petition, which again includes an unexhausted claim.

It is a bedrock habeas principle that "a state prisoner's federal petition should be dismissed if the prisoner has not exhausted available state remedies." *Coleman v. Thompson*, 501 U.S. 72, 731 (1991). "To exhaust a claim, a state prisoner must pursue it through 'one

1

complete round of the State's established appellate review process,' giving the state courts a 'full and fair opportunity' to correct alleged constitutional errors." *Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)); *see also Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534–35 (10th Cir. 1994) (exhaustion "is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack," or "if the highest court exercises discretion not to review the case"). "The state prisoner bears the burden of proving that he exhausted state court remedies . . . or that exhaustion would have been futile." *Selsor*, 644 F.3d at 1026. If one or more of Petitioner's claims is unexhausted, the "total exhaustion rule" requires that the Court "dismiss [the] 'mixed petition[],' leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

In his amended petition, "Ground Four" states that the state trial court "coerced [his] confession" by making him read from the trial court's typewritten statement and "not from Petitioner['s]" statement. Doc. 18, at 10. The Court adopted Judge Jones's previous finding that Petitioner failed to exhaust a nearly identical claim in his first petition, yet Petitioner again seeks relief on that unexhausted claim. *See* First Report Doc. 17, at 6 (citing Doc. 1-1); Doc. 19. Since Petitioner filed his amended petition, it appears the state trial court has considered and rejected this claim in postconviction proceedings. *See Draper v. State of Okla.*, No. CF-2009-100, Application for Post-Conviction Relief, Doc. 23-1, at 6; Findings of Fact and Conclusions of Law, *Draper v. State of Okla.* (April 24, 2018). Nonetheless,

Petitioner's "coerced confession" habeas claim remains unexhausted until Petitioner has appealed the state trial court's order and given the OCCA an opportunity to review the decision. *See Selsor*, 644 F.3d at 1026; *Dever*, 36 F.3d at 1534–35; Okla. Ct. Crim. App. R. 5.2 ("The party desiring to appeal from the final order of the District Court under Section V of these Rules MUST file a Notice of Post-Conviction Appeal with the Clerk of the District Court within ten (10) days from the date the order is filed in the District Court."); Okla. Ct. Crim. App. R. 5.5 ("Once this Court has rendered its decision on a post-conviction appeal, that decision shall constitute a final order and the petitioner's state remedies will be deemed exhausted on all issues raised in the petition in error, brief and any prior appeals."). Thus, Petitioner has not met his burden to demonstrate exhaustion of all claims.

Because (1) "Ground Four" remains unexhausted, (2) the Court cannot consider mixed petitions, and (3) Petitioner failed to heed the Court's instructions to amend his first petition to include only exhausted claims, the Court dismisses his amended petition without prejudice. *See* Doc. 17, at 10–11; Doc. 18, at 10; Doc. 19. Accordingly, Judge Jones's Third Report and Recommendation (Doc. 34) is ADOPTED and Respondent's Motion to Dismiss (Doc. 32) is GRANTED.

IT IS SO ORDERED this 1st day of May, 2018.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE